## NELLIE D. BERRY, ADMRX.
*vs.*
## P. BERRY & SONS, INC.

Superior Court          Hartford County          File No. 64807

MEMORANDUM FILED OCTOBER 27, 1941.

*Frank R. Odlum,* and *Frederick H. Waterhouse,* of Hartford, for the Plaintiff.

*Day, Berry & Howard,* of Hartford, for the Defendant.

FOSTER, J.   The plaintiff is the duly qualified administratrix of the estate of Peter M. Berry, and the defendant is a corporation carrying on a large wholesale grocery business in the City of Hartford.   On June 1, 1931, and for a long time prior thereto, Peter M. Berry was the owner of 448 shares of the capital stock of the defendant corporation.   On that date James P. Berry was the owner of 4,706 shares of the capital stock of the corporation; Edward F. Ahern was the owner of 251 shares of the capital stock of the corporation; and Frank F. Foley was the owner of 25 shares of the capital stock of the corporation.   On that date these four stockholders executed and delivered to the corporation their individual promissory notes payable to the corporation on demand without interest in the following amounts:

| | |
|---|---|
| James P. Berry | $455,975.85 |
| Peter M. Berry | 63,651.95 |
| Edward F. Ahern | 19,205.48 |
| Frank F. Foley | 4,215.08 |

To secure the payment of these notes these stockholders pledged all of their respective shares of stock of the corporation and delivered the same to the treasurer of the corporation. None of these notes has been paid. On January 5, 1939, Peter M. Berry died. On August 12, 1940, James P. Berry died, and Edward F. Ahern was duly appointed, qualified and is now acting as the executor of the last will and testament of James P. Berry, deceased. Edward F. Ahern is at the present time president and general manager of the defendant corporation and by virtue of his position as executor of the last will and testament of James P. Berry, deceased, controls a majority of the stock of the corporation. By direction of Edward F. Ahern the defendant on February 21, 1941, at 2 o'clock in the afternoon, demanded of the plaintiff that she pay the note executed by Peter M. Berry and further notified the plaintiff that unless such note was paid on or before February 24, 1941, the stock of the corporation standing in the name of Peter M. Berry would be transferred to the corporation on its books as of the close of business on February 24, 1941, thereby depriving the plaintiff of any interest therein. These facts are alleged in the complaint and admitted by the defendant in its answer.

The plaintiff further alleges that the notes and pledges of stock were given without consideration and for the accommodation of the corporation, and that it was not the intention of any of the parties that such notes should be paid.

She alleges that as administratrix of the estate of Peter M. Berry, deceased, she is without funds to pay the note executed and delivered by Peter M. Berry, and that such fact is well known to Edward F. Ahern and to the defendant, and that there is no obligation on her part to pay the same.

In the second count of the complaint the plaintiff alleges that she requested permission to examine the books of the defendant corporation for the purpose of determining the true value of the stock and her decedent's interest in the corporation, but has been denied such right by the defendant and by Edward F. Ahern and that the 448 shares of the capital stock of the corporation have a value greatly in excess of the alleged indebtedness of the plaintiff's decedent to the corporation.

The true value of such stock has appeared in the trial of the case. The disputed issues are, therefore, limited in number.

From the time the corporation was organized until he died, Peter M. Berry was paid a substantial salary by the corporation and, in addition to such salary, withdrew from the corporation from time to time large sums of money and merchandise of large value. For many years Peter M. Berry was physically incapacitated from doing any work or actively participating in the business of the corporation, but his salary and withdrawals of money and merchandise nevertheless continued.

The notes of Peter M. Berry and other stockholders of the corporation were not given for the accommodation of the corporation as the word "accommodation" is understood in the law. The notes were given for obligations of the respective makers, which, after they were given, varied from time to time; and at the time of his death Peter M. Berry owed the corporation a sum in excess of his note of $63,651.95. On January 5, 1939, the date of the death of Peter M. Berry, the actual value of his stock of the corporation which he had pledged as security for the payment of his note was not so much in excess of the amount due on the note as to warrant a court of equity in varying the terms of the note or the assignment of the stock.

The time given the plaintiff by the defendant to pay the note was short, as appears in paragraph 12 of the complaint. But this shortness of time did not injure the plaintiff. In paragraph 12 of the complaint the plaintiff alleges that she is without funds to pay the note. The evidence supports this allegation.

Judgment is rendered in favor of the defendant against the plaintiff.